Glenn R. Bronson (USB #7362)
James C. Watson (USB #13395)
TraskBritt, P.C.
230 South 500 East, Suite 300
Salt Lake City, UT  84102
Tel: (801) 532-1922
grbronson@traskbritt.com
jcwatson@traskbritt.com

*Attorneys for Plaintiff dōTERRA Holdings, LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| dōTERRA HOLDINGS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>BIOTERRA ORGANICS, LLC,<br><br>    Defendant. | **COMPLAINT**<br><br>Case No. _____<br>Judge: _____<br><br>Jury Demanded |

The Plaintiff, dōTERRA Holdings, LLC ("dōTERRA" or "Plaintiff") for its Complaint against Defendant Bioterra Organics, LLC ("Bioterra" or "Defendant"), alleges as follows:

### THE PARTIES

1. dōTERRA is a limited liability company organized and existing under the laws of the State of Utah, with its principal place of business located at 389 South 1300 West, Pleasant Grove, Utah 84062.  dōTERRA manufactures and sells essential oils, personal care products, nutritional supplements, and other products under a multitude of valid, subsisting, incontestable, famous, registered and common law trademarks, including its house mark DOTERRA, which is used in connection with essentially all such products.

2. Defendant Bioterra Organics, LLC is a limited liability company organized and existing under the laws of the State of Wyoming, with its principal place of business located at 30 Gould Street, #46470, Sheridan, Wyoming 82801.

## JURISDICTION AND VENUE

3. This is an action for trademark infringement in violation of Sections 32(1) and 43(a) of the Lanham Act (15 U.S.C. § 1114(1) and 15 U.S.C. § 1125(a)) and under the Declaratory Judgment Act.

4. The Court has subject matter jurisdiction over these claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

5. This action also includes claims under Utah law for deceptive trade practices.

6. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1338(b) and § 1367(a).

7. This Court has personal jurisdiction over Defendant because Defendant's acts of infringement and deceptive trade practices were committed in this district and within the jurisdiction of this Court. Defendant has advertised its goods and services under the infringing mark in this state and has transacted business by selling its goods to consumers within this state under the infringing mark.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391 as the Defendant is found and has transacted business in this district, including marketing, offering, and selling products under the infringing mark in this district.

## FIRST CLAIM
### Infringement of Common Law Trademark
### Under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

9. Plaintiff repeats and incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

10. Defendant uses the word mark BIOTERRA ORGANICS in United States interstate commerce in connection with the sale and promotion of essential oils and topical body care products.

11. Defendant is the listed owner of U.S. Trademark Application Serial No. 98/868,025 (the "**Application**") for the mark BIOTERRA ORGANICS for "Cologne; Sunscreen; Aloe vera gel for cosmetic purposes; Aloe vera preparations for cosmetic purposes; Beauty creams for body care; Beauty masks for skin; Beauty serums; Body lotions; Body scrubs; Body spray used as a personal deodorant and as fragrance; Cosmetic body care preparations, namely, gels and oils; Cosmetic preparations; Cosmetic sunscreen preparations; Deodorants for body care; Eye cream; Facial cleansers; Facial moisturizers; Facial oils; Hair conditioners; Hair masks; Hair oils; Hair shampoo; Hair shampoos and conditioners; Lip balm; Lotions for face and body care; Non-medicated bar soap; Non-medicated hair serums; Nonmedicated hand soaps; Non-medicated handmade soap bars; Non-medicated serums for use on skin, eyes, hair, and lips; Nonmedicated skin care preparation, namely, body mist; Non-medicated skin care preparations, namely, peels; Non-medicated skin toners; Scented body spray; Shower gels; Skin and body topical lotions, creams and oils for cosmetic use" in International Class 003.

12. For years prior to Defendant's adoption of and Application to register the BIOTERRA ORGANICS mark, Plaintiff has continuously used the word mark DOTERRA in

advertising, promoting, marketing, and selling essential oils and topical personal care products throughout the United States.

13. On June 16, 2009, Plaintiff obtained a federal registration (Registration No. 3641123) for the DOTERRA mark for "Aromatherapy oils; Bath oils; Body oils; Cosmetic oils; Cosmetic oils for the epidermis; Essential oils; Essential oils for flavoring beverages; Essential oils for food flavorings; Essential oils for household use; Essential oils for personal use; Essential oils for use in manufacturing of gelcaps and other dietary supplements; Essential oils for use in the manufacture of scented products; Lavender oil; Massage oils; Natural essential oils; Oils for cleaning purposes; Oils for toiletry purposes; Peppermint oil; Skin and body [topical lotions, creams and] oils for cosmetic use; … Massage oil; Perfume oils; … Skin toners; … Wrinkle removing skin care preparations; … Fragrances," as amended, in International Class 003.

14. On September 3, 2024, Plaintiff obtained a federal registration (Registration No. 7495237) for the DOTERRA mark for "Skin lotions; skin cream; face cream; beauty creams; shampoos; hair conditioners; lip balms; bar soap; skin soap; non-medicated hand soap; non-medicated body soap; body polish; body scrub; foot scrubs; beauty gels; gels for cosmetic purposes; skin cleansers; facial cleansers; skin moisturizers; anti-aging moisturizer; deodorants for personal use" in International Class 003.

15. Plaintiff's DOTERRA mark is inherently distinctive as applied to Plaintiff's goods.

16. By virtue of Plaintiff's continuous use in commerce of its DOTERRA mark in connection with essential oils and topical personal care products, such products have become well and favorably known to the relevant trade and public.

17. Plaintiff has invested substantial time, effort, and expense in extensive promotion throughout the United States of the goods sold under its DOTERRA mark. As a result, considerable goodwill has attached to the DOTERRA mark to Plaintiff's benefit.

18. The DOTERRA mark is representative of Plaintiff's reputation for providing high quality products and symbolizes the goodwill of Plaintiff, which is invaluable.

19. Plaintiff has priority of use in the DOTERRA mark. Plaintiff has continuously used the DOTERRA mark in connection with advertising, promoting, and marketing its essential oil products throughout the United States since 2008 and, upon information and belief, years prior to the date of Defendant's first use of its BIOTERRA ORGANICS mark.

20. Plaintiff has priority of use in the DOTERRA mark. Plaintiff has continuously used the DOTERRA mark in connection with advertising, promoting, and marketing its topical personal care products throughout the United States since 2009 and, upon information and belief, years prior to the date of Defendant's first use of its BIOTERRA ORGANICS mark.

21. Defendant is marketing and selling essential oils and topical personal care products in the United States and in this judicial district using the BIOTERRA ORGANICS mark.

22. Defendant's BIOTERRA ORGANICS mark is being used for goods that are closely related to the goods offered and sold by Plaintiff using its DOTERRA mark.

23. Defendant's goods are directed to the same customer segment of the consuming public as Plaintiff's goods.

24. Defendant's BIOTERRA ORGANICS mark is substantially similar to Plaintiff's DOTERRA mark in sound, appearance, connotation, and commercial impression.

25. Defendant's BIOTERRA ORGANICS mark is confusingly similar to Plaintiff's DOTERRA mark.

26. Defendant's use of the BIOTERRA ORGANICS mark is without the permission or authorization of Plaintiff.

27. Defendant's unauthorized use of the BIOTERRA ORGANICS mark is likely to confuse or deceive, and has confused or deceived, consumers as to the affiliation, connection, or association of Defendant with Plaintiff, or to cause mistake, and has caused mistake, as to the origin, sponsorship, or approval of Defendant's goods by Plaintiff.

28. Due to the confusingly similar nature of Defendant's BIOTERRA ORGANICS mark and Plaintiff's DOTERRA mark and the relatedness of the goods offered under the respective marks, the relevant consuming public and the consuming public generally are likely to believe that Defendant's goods are those of Plaintiff or are in some way connected with, licensed by, or otherwise approved by Plaintiff.

29. Such confusion, mistake, and/or deception are likely to damage and injure the purchasing public and Plaintiff.

30. The goodwill of Plaintiff's DOTERRA mark is of substantial value, and Plaintiff is suffering, and will continue to suffer, irreparable harm should Defendant continue its unauthorized advertising and sales of goods using the BIOTERRA ORGANICS mark, including in Utah and in this judicial district.

31. Defendant's unauthorized use of the BIOTERRA ORGANICS mark to advertise, market, and sell essential oils and topical personal care products is intended to, and will, divert to Defendant the benefit of the reputation and goodwill symbolized by Plaintiff's DOTERRA mark, which should rightfully and exclusively inure to the benefit of Plaintiff.

32. Defendant's acts constitute infringement of Plaintiff's common law trademark rights under 15 U.S.C. § 1125(a).

33. Defendant's unauthorized and infringing acts set forth above constitute intentional and willful infringement of Plaintiff's rights in its common law trademark.

34. Unless and until Defendant is enjoined by this Court, Defendant will continue to commit acts of trademark infringement, will continue to confuse the public, and will continue to cause irreparable harm to Plaintiff.

35. Defendant's acts have been, are, and will continue to be knowing, deliberate, willful, intentional, and malicious in disregard of Plaintiff's rights, entitling Plaintiff to Defendant's profits, actual damages, costs of this action, and reasonable and necessary attorneys' fees under 15 U.S.C. § 1117.

## SECOND CLAIM
### Infringement of Federally Registered Trademark
### Under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)

36. Plaintiff repeats and incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

37. In addition to extensive common law rights, Plaintiff's DOTERRA mark is the subject of U.S. Trademark Registration No. 3641123 for "Aromatherapy oils; Bath oils; Body oils; Cosmetic oils; Cosmetic oils for the epidermis; Essential oils; Essential oils for flavoring beverages; Essential oils for food flavorings; Essential oils for household use; Essential oils for personal use; Essential oils for use in manufacturing of gelcaps and other dietary supplements; Essential oils for use in the manufacture of scented products; Lavender oil; Massage oils; Natural essential oils; Oils for cleaning purposes; Oils for toiletry purposes; Peppermint oil; Skin and body … oils for cosmetic use; … Massage oil; Perfume oils; … Skin toners; … Wrinkle removing skin care preparations; … Fragrances," as amended, in International Class 003.

38. A copy of the Registration Certificate for U.S. Trademark Registration No. 3641123 is attached hereto as **Exhibit A**.

39. Plaintiff's rights in the DOTERRA mark subject to Registration No. 3641123 are incontestable, and such Registration constitutes conclusive evidence that the DOTERRA mark is valid, that Plaintiff owns the DOTERRA mark, and that Plaintiff has the exclusive right to use the DOTERRA mark for the goods in such Registration.

40. Plaintiff's DOTERRA mark is also the subject of U.S. Trademark Registration No. 7495237 for "Skin lotions; skin cream; face cream; beauty creams; shampoos; hair conditioners; lip balms; bar soap; skin soap; non-medicated hand soap; non-medicated body soap; body polish; body scrub; foot scrubs; beauty gels; gels for cosmetic purposes; skin cleansers; facial cleansers; skin moisturizers; anti-aging moisturizer; deodorants for personal use" in International Class 003.

41. A copy of the Registration Certificate for U.S. Trademark Registration No. 7495237 is attached hereto as **Exhibit B**.

42. Ordinary consumers would believe, and would be justified in believing, that BIOTERRA ORGANICS mark is associated with the DOTERRA mark.

43. Defendant's unauthorized use of the BIOTERRA ORGANICS mark is likely to confuse or deceive, and upon information and belief has confused or deceived, consumers as to the affiliation, connection, or association of Defendant with Plaintiff, or to cause mistake, and upon information and belief has caused mistake, as to the origin, sponsorship, or approval of Defendant's goods by Plaintiff.

44. Defendant's acts constitute infringement, including intentional and willful infringement, of Plaintiff's registered DOTERRA mark under 15 U.S.C. § 1114(1).

45. Unless and until Defendant is enjoined by this Court, Defendant will continue to commit acts of trademark infringement, will continue to confuse the public, and will continue to cause irreparable harm to Plaintiff.

46. Defendant's acts have been, are, and will continue to be knowing, deliberate, willful, intentional, and malicious in disregard of Plaintiff's rights, entitling Plaintiff to Defendant's profits, actual damages, costs of this action, and reasonable and necessary attorneys' fees under 15 U.S.C. § 1117.

### THIRD CLAIM
### Deceptive Trade Practices Under
### Utah Consumer Sales Practices Act, Utah Code § 13-11-1 et seq.
### and Utah Truth in Advertising Act, Utah Code § 13-11a-1 et seq.

47. Plaintiff repeats and incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

48. By its unauthorized and infringing acts, Defendant is engaging in unfair and deceptive trade practices in violation of the Utah Consumer Sales Practices Act, Utah Code § 13-11-1 et seq.

49. Among other misconduct, Defendant's actions have caused and are causing confusion, likelihood of confusion, deception, and/or misunderstanding of consumers as to the affiliation, connection, or association of Defendant with Plaintiff, or have caused and are causing consumers to believe that Defendant's essential oils and topical personal care products originate with, or have the sponsorship or approval of, Plaintiff.

50. Defendant is further engaging in unfair and deceptive trade practices in violation of the Utah Truth in Advertising Act, Utah Code § 13-11a-1 et seq.

51. Among other misconduct, Defendant's actions have caused and are causing confusion, likelihood of confusion, deception, and/or misunderstanding of consumers as to the

affiliation, connection, or association of Defendant with Plaintiff, or have caused and are causing mistake as to the origin, sponsorship, or approval of Defendant's essential oils and topical body care products and services by Plaintiff.

52. Defendant's marketing, promotion and sales of essential oils and topical personal care products using the BIOTERRA ORGANICS mark has affected and continues to affect U.S. commerce, including commerce in Utah.

53. Defendant's deceptive and unfair acts set forth above have caused, are causing, and will continue to cause irreparable harm to Plaintiff's business reputation and goodwill for which there is no adequate remedy at law.

54. Unless and until Defendant is enjoined by this Court, Defendant will continue to commit acts of deceptive trade practices, will continue to confuse the public, and will continue to cause irreparable harm to Plaintiff.

55. Defendant's acts have been, are, and will continue to be knowing, deliberate, willful, intentional, and malicious in disregard of Plaintiff's rights, entitling Plaintiff to actual damages, corrective advertising, as well as reasonable attorneys' fees.

## FOURTH CLAIM
**Declaratory Judgment of Lack of Rights in the BIOTERRA ORGANICS Mark**

56. Plaintiff repeats and incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

57. Defendant's Application to register and its use of the BIOTERRA ORGANICS mark are without the consent or approval of Plaintiff.

58. On December 10, 2024, Plaintiff demanded that Defendant amend the Application and cease using the BIOTERRA ORGANICS mark for essential oils and topical personal care products in the United States. Defendant has not responded that it will comply with Plaintiff's

demands and continues to pursue the Application and to market, offer, and sell essential oils and personal care products in the United States, including within this district.

59. An actual controversy exists between Plaintiff and Defendant by virtue of the Plaintiff's demand and Defendant's actions.

60. Based on the foregoing, Plaintiff believes that it will be damaged by any registration of Defendant's BIOTERRA ORGANICS mark in the Application in the United States Patent and Trademark Office.

61. Defendant lacks rights in the BIOTERRA ORGANICS mark.

62. Pursuant to the Declaratory Judgment Act, Plaintiff is entitled to a judicial declaration from this Court that Defendant has no valid and enforceable rights in the BIOTERRA ORGANICS mark.

## JURY DEMAND

63. Pursuant to Fed. R. Civ. P. 38, Plaintiff demands a trial by jury on all matters and issues triable by a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows on its claims as follows:

A. That Defendant's marketing, promotion, and sales of essential oils and topical personal care products using the BIOTERRA ORGANICS mark in the United States constitutes trademark infringement of Plaintiff's DOTERRA mark under 15 U.S.C. § 1125(a) and 15 U.S.C. § 1114(1), and deceptive trade practices under Utah law;

B. That, pursuant to 15 U.S.C. § 1117(a), the Court order Defendant to pay the actual damages suffered by Plaintiff, and any and all profits resulting from Defendant's infringement of Plaintiff's DOTERRA mark and Defendant's deceptive trade practices;

   C. That, pursuant to 15 U.S.C. § 1117(a), the Court order Defendant to pay Plaintiff treble damages;

   D. That, pursuant to 15 U.S.C. § 1117(a), the Court order Defendant to pay Plaintiff the costs of this action, including attorneys' fees;

   E. That Defendant and its owners, parent companies, subsidiary companies, related companies, successors, assigns, officers, directors, agents, employees, attorneys, and all persons or entities in active concert, participation, or privity with the foregoing, be preliminarily and permanently enjoined from:

    a. Marketing, promoting, and selling essential oils and topical personal care products using the BIOTERRA ORGANICS mark, including all phonetic equivalents, or any other names, marks, slogans, logos, designs, Internet domain names, or social media account names that are likely to cause confusion, mistake, or deception with Plaintiff's DOTERRA mark in the United States;

    b. Otherwise acting to induce or render likely the inducement of a mistaken belief that Defendant's goods are in any way affiliated with, connected to, associated with, or sponsored by Plaintiff or its goods, and otherwise acting to cause confusion or render confusion likely with respect to Plaintiff's DOTERRA mark and Defendant's BIOTERRA ORGANICS mark;

    c. Trading on the goodwill associated with Plaintiff's DOTERRA mark and passing off Defendant's goods as those authorized by, or approved by Plaintiff;

    d. Marketing, promoting, or selling essential oils and topical body care products under a name, mark, brand, logo, design, symbol, Internet domain name, or social media account name using the BIOTERRA ORGANICS mark, including but not

limited to displaying promotional or marketing materials on outlets such as websites, social media platforms, or other sources available over the Internet targeting the United States;

F. That Defendant be ordered to deliver up for destruction all materials, including but not limited to labels, signs, prints, packaging, wrappers, receptacles, brochures, advertisements, literature, promotions, displays, catalogs, products (and all plates, molds, matrices, and other means of making the same), and all other matter in the custody or under the control of Defendant bearing or displaying the BIOTERRA ORGANICS mark or any confusingly similar mark for the marketing, promotion, or sale of essential oils and topical personal care products in accordance with 15 U.S.C. § 1118;

G. That Plaintiff be awarded all damages available under Utah law; and

H. That Plaintiff be awarded any other and further relief as this Court deems just and proper.

DATED: March 3, 2025.

/s/ Glenn R. Bronson
Glenn R. Bronson
James A. Watson
TraskBritt, P.C.
230 South 500 East, Suite 300
Salt Lake City, Utah 84102
GRBronson@traskbritt.com
JCWatson@traskbritt.com
Attorneys for Plaintiff dōTERRA Holdings, LLC

Exhibit A:   Registration Certificate for U.S. Trademark Registration No. 3641123
Exhibit B:   Registration Certificate for U.S. Trademark Registration No. 7495237